UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LEYLAND C. GRIMES,

                        Plaintiff,

      -against-

BEST BUY STORE,

                      Defendant.
------------------------------------------------------------X

Civil Action

Case No.:

**NOTICE OF REMOVAL**

Defendant, BEST BUY CO., INC. i/s/h/a "BEST BUY STORE" (hereinafter, "Best Buy") by its attorneys, FISHMAN McINTYRE LEVINE SAMANSKY P.C., respectfully petitions the United States District Court, Eastern District of New York, upon information and belief, as follows:

1. This case was originally commenced on or about March 12, 2021 in the Supreme Court of the State of New York, County of Kings. The suit is identified in the Supreme Court as _Leyland C. Grimes v. Best Buy Store_, Index Number 505883/2021. A true copy of plaintiff's Summons and Verified Complaint is cumulatively annexed hereto as **Exhibit A**.

2. Best Buy first received notice of plaintiff's summons and complaint on or about March 22, 2021. See **Exhibit B**.

3. The grounds for removal are based on the original jurisdiction of this Court under 28 U.S.C. § 1332, which allows this court to hear matters based on diversity of citizenship of the parties. Best Buy filed an answer to plaintiff's complaint in the Supreme Court, the State of New York, County of Kings on April 8, 2021. A true copy is annexed hereto as **Exhibit C**.

4. Plaintiff's Complaint in the Supreme Court of the State of New York, County of Kings, asserts monetary damages relating to personal injuries in a non-specified amount. However, plaintiff specifically claims that as a result of the incident complained of therein, plaintiff was caused "to sustain severe and serious personal injuries . . . "which has and will require ongoing medical attention." (See **Exhibit A**, para. 22-23).

5. At or about the time Best Buy filed an answer to plaintiff's complaint, Best Buy served upon plaintiff a number of discovery demands, including a demand for a statement of damages pursuant to C.P.L.R. 3017, as well as a Request to Admit. See Best Buy's demands, annexed hereto as **Exhibit D**.

6. By way of response to Best Buy's demand for a statement of damages, dated January 24, 2022, plaintiff's counsel stated that "plaintiff demands $300,000.00 in damages." See plaintiff's "Response to Defendant's Demand for Damages" annexed hereto as **Exhibit E**.

7. Based upon the foregoing, there can be no doubt that the amount in controversy herein exceeds $75,000.00, exclusive of interest and costs. Indeed, plaintiff has claimed damages of four times such jurisdictional threshold.

8. In addition, this notice of removal is filed within 30 days of plaintiff's damage disclosure, dated January 24, 2022.

9. Plaintiff is a resident of the State of New York, County of Kings (see **Exhibit A** hereto, plaintiff's Summons and plaintiff's Complaint, para. 1).

10. On or about April 8, 2021, this office served a Request to Admit upon plaintiff's counsel. A true copy of same is annexed hereto as **Exhibit D**. In that Request to Admit, Best Buy sought to have plaintiff admit that, at that the time of the cause of action which

gives rise to this action (i.e., December 30, 2020), plaintiff was a citizen of the State of New York.

11. Plaintiff never responded, objected to or moved with respect to said Request to Admit. CPLR § 3107 requires a response to a Request to Admit be served within 30 days of the demand. Obviously, substantially more than 30 days has elapsed since said service. Plaintiff's failure to timely respond to the Request to Admit results in the issues sought being deemed "admitted".

12. Thus, plaintiff was a citizen of the State of New York as of the time of this cause of action arose.

13. Best Buy Co., Inc. is a corporation, incorporated in the State of Virginia, with its principal place of business in Richfield, Minnesota. "Best Buy Store", as plaintiff had improperly named in the caption to his Complaint, is a fictitious name and not a legal entity, and thus has no citizenship.

14. Based upon the foregoing, diversity of citizenship exists. Plaintiff is a citizen of the State of New York. On the other hand, Best Buy is a foreign business corporation, incorporated in the State of Minnesota and having its principal place of business in Minnesota. Therefore, this action is between a citizen of the State of New York (plaintiff) and a corporation other than New York, defendant, Best Buy.

15. Written notice of the filing of this Notice of Removal has been given to all parties in accordance with 28 U.S.C. §1446(d), as evidenced in the annexed Certificate of Service.

16. Promptly after filing this Notice with the Court and the assignment of a civil docket number, a copy of this Notice will be filed with the Supreme Court of the State of New York, County of Kings, in accordance with 28 U.S.C. §1446(d).

**WHEREFORE** Petitioner, BEST BUY CO., INC. i/s/h/a "BEST BUY STORE", defendant in the action described herein now pending the Supreme Court of the State of New York, County of Kings, under Index No. 505883/2021, prays that this action be removed therefrom to this Honorable Court.

Dated: New York, New York
February 15, 2022

Yours etc.,

_____
Mitchell B. Levine, Esq.
FISHMAN McINTYRE LEVINE SAMANSKY P.C.
Attorneys for Defendant
BEST BUY CO., INC.,
521 Fifth Avenue, 17th Floor
New York, New York 10175
(212) 461-7190
Our File No.: BBY-051

TO:   REDMOND LAW PLLC
Attorneys for Plaintiff
80 Broad Street, Suite 1202
New York, New York 10004
(212) 799-8989

4