# EXHIBIT A

Case 1:22-cv-00900-PKC-SJB   Document 1-1   Filed 02/18/22   Page 1 of 10 PageID #: 5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------x
LEYLAND C. GRIMES,

                Plaintiff,

  -against-

BEST BUY STORE,

                Defendant.
-----------------------------------------------------------------x

Index No.

Date Filed: 3/12/2021

Plaintiff designates: Kings County as the place of trial

The basis of venue is:
Plaintiff's residence

**SUMMONS**

Plaintiff's address:
1402 Brooklyn Avenue
Brooklyn, New York 11210

To the above named Defendant':

      **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's Attorney, within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, Judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       March 12, 2021

REDMOND LAW PLLC

By: _____
Cornelius Redmond, Esq.
Attorneys for Plaintiff
80 Broad St., Suite 1202
New York, NY 10004
(212) 799-8989

Defendant's Address:

**BEST BUY STORE**
**Attn: Store Manager**
5102 Avenue U
Brooklyn, New York 11234

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------------------x

LEYLAND C. GRIMES,

                  Plaintiff,

-against-

BEST BUY STORE,

                  Defendant.

-----------------------------------------------------------------x

Index No.

**VERIFIED COMPLAINT**

Plaintiff, by his attorneys, REDMOND LAW PLLC complaining of the defendant, all upon information and belief, respectfully states and alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF LEYLAND C. GRIMES

1. That at all times herein mentioned, the plaintiff was a resident of the County of Kings, City and State of New York.

2. That at all times herein mentioned, the occurrence that gave rise to this action occurred in the County of Kings, City and State of New York.

3. That upon information and belief, at all times herein mentioned, the defendant BEST BUY STORE (hereinafter referred to as "BEST BUY") domestic corporation duly organized and existing under and by the virtues of the laws of the State of New York.

4. That upon information and belief, at all times herein mentioned, the defendant BEST BUY was a foreign corporation duly authorized to do business within the State of New York.

5. That upon information and belief, at all times herein mentioned, the defendant BEST BUY was a partnership transacting business in the State of New York.

6. That upon information and belief, at all times herein mentioned, the defendant BEST BUY was a business entity doing business within the State of New York.

7. That on or about December 30, 2020, defendant BEST BUY owned the store known as Best Buy Store #0171 and located at 5102 Avenue U, Brooklyn, New York 11234.

8. That on or about said date, defendant BEST BUY was a lessor of the subject location.

9. That on or about said date, defendant BEST BUY was a lessee of the subject location.

10. That on or about said date, defendant BEST BUY occupied the subject location.

11. That on or about said date, defendant BEST BUY managed the subject location.

12. That on or about said date, defendant BEST BUY acted as the managing agent of the subject location.

13. That on or about said date, defendant BEST BUY controlled the subject location.

14. That on or about December 30, 2020, defendant BEST BUY maintained the subject location, and more particularly, the store located on the subject location.

15. That on or about said date, defendant BEST BUY was responsible for maintaining the subject store.

16. That on or about said date, defendant BEST BUY inspected the subject store.

17. That on or about said date, defendant BEST BUY was responsible for inspecting the subject store.

18. That the defendant, their agents, servants and/or employees operated, supervised, managed, maintained and were in sole charge of the store of the subject location available to and used by the various persons in common and all other persons lawfully on the subject location.

19. That the defendant reserved to themselves, their agents, servants and/or employees, the right to come onto the store of the subject location for the purpose of inspection, repair and maintaining those parts used by or available to all of the persons in common, in a reasonably safe condition.

20. That the plaintiff was lawfully on the defendant's subject location.

21. That on said date and place, the defendant had charge of the store of the subject location, and it was the duty of said defendant, their agents, servants and/or employees to use reasonable care and diligence in the maintenance, operation, and care of the subject store and to maintain same, for the purpose of keeping same in a reasonably safe condition for users thereof.

22. That on said date while the plaintiff was lawfully on the said location, he was caused to be injured due to the defendant's negligence, causing plaintiff to sustain severe and serious personal injuries with attendant special damages.

23. That on said date while the plaintiff was caused to be injured when a BEST BUY employee deliberately grabbed the bag from hand, causing plaintiff to sustain serious and permanent injuries which has and will require ongoing medical attention.

24. That on said date the defendant, their agents, servants and/or employees, reserved to themselves the right and duty of general supervision, maintenance, operation and control, at the aforesaid location, and did in fact exercise such right of supervision, maintenance, operation and control.

25. That on said date and place, the defendant had charge of the subject location, and it was the duty of said defendant, their agents, servants and/or employees to use reasonable care and diligence in the management, operation, care and maintenance of the subject location for the purpose of keeping the same in a reasonably safe condition for the customers thereat.

26. That on or about said date and at all times mentioned herein, the plaintiff would not have been caused to be injured on the subject location in the absence of negligence on the part of the defendant.

27. That on or about said date and at all times mentioned herein, the subject store of the location was within the exclusive control of the defendant.

28. That the said occurrence and the injuries resulting therefrom were caused and/or precipitated by reason of the negligence and carelessness of the defendant, their agents, servants, independent contractors and/or employees solely and wholly as a result of the negligence of the defendant herein and without any negligence on the part of the plaintiff contributing thereto.

29. That on or about said date and at all times mentioned herein, the plaintiff was caused to be injured on the subject location due to the doctrine of res ipsa loquitur.

30. That on or about said date and at all times mentioned herein, the plaintiff was caused to be injured on the subject location due to a recurring condition.

31. That this action falls within one or more of the exceptions contained in CPLR §1602.

32. That by reason of the foregoing the plaintiff was seriously and permanently injured; the plaintiff has suffered and will continue to suffer for some time to come great pain and anguish in body and mind; that plaintiff received necessary hospital care and attention for a long period of time; that plaintiff necessarily received and will continue to receive medical treatment and medicines for which expenses have, are and will continue to be incurred; that as a result of the injuries sustained by plaintiff, plaintiff may, in the future, require further hospital and medical care and attention; that plaintiff has been unable to return to plaintiff's usual duties and occupation as plaintiff had theretofore done and, upon information and belief, plaintiff's injuries are permanent,

FILED: KINGS COUNTY CLERK 03/12/2021 09:15 AM
NYSCEF DOC. NO. 1

Case 1:22-cv-00900-PKC-SJB   Document 1-1   Filed 02/18/22   Page 7 of 10 PageID #: 11
INDEX NO. 505833/2021
RECEIVED NYSCEF: 03/12/2021

protracted and disabling in nature all to plaintiff's damage as against the defendant in a sum which exceeds the jurisdictional limits of all lower courts of the State of New York.

### AS AND FOR A SECOND CAUSE OF ACTION FOR IMPROPER SUPERVISION

33. The plaintiff repeats, reiterates and realleges each and every allegation in the complaint contained herein, as designated in paragraphs hereof marked "1" through "32" inclusive, with the same force and effect as if more fully and completely set forth at length herein.

34. That upon information and belief at all times hereinafter mentioned the defendant, by their agents, servants and/or employees, had the duty of supervising, maintaining and controlling the security, safety and well-being of the customers in their charge.

35. That on or about said date, the defendant, by their agents, servants and or employees, disregarded its duty to properly supervise, maintain and control the security, safety and well-being of the customers in their charge and permitted and allowed the plaintiff to be placed in a dangerous and precarious condition, thereby sustaining serious injuries.

36. That on or about said date, the plaintiff was caused to sustain severe injuries; said occurrence being due to, inter alia, the inadequate and improper instruction and/or supervision thereat as well as there being inadequate and improper protection thereat in light of the activity being performed.

37. As a result of the foregoing negligence and lack of due care by the defendant, their agents, servants and/or employees, the plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts of the State of New York.

**WHEREFORE**, plaintiff demands judgment against the defendant in an amount which exceeds the jurisdictional limits of the lower courts of the State of New York, together with the costs and disbursements of this action.

Dated: New York, New York
       March 12, 2021

                                                 REDMOND LAW PLLC

By: _____
    Cornelius Redmond, Esq.
    Attorneys for Plaintiff
    80 Broad St., Suite 1202
    New York, NY 10004
    (212) 799-8989

## VERIFICATION

STATE OF NEW YORK  }
                   } ss:
COUNTY OF NEW YORK }

I, the undersigned, an attorney duly admitted to practice law in the State of New York, state that I am a member of the firm REDMOND LAW PLLC, attorneys of record for the plaintiff in the within action; I have read the foregoing

## COMPLAINT

and know the contents thereof; the same is true to my own knowledge except as to those matters therein stated to be alleged upon information and belief, and as to those matters, I believe to be true. The reason this verification is made by me and not by the plaintiff is that deponent maintains offices outside the County in which the plaintiff resides.

The grounds of my belief as to all matters not stated upon my knowledge, are as follows: entire file maintained in your deponent's offices, investigations, etc.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: New York, New York
       March 12, 2021

By: _____
    CORNELIUS REDMOND, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK     Index No.
COUNTY OF KINGS

LEYLAND C. GRIMES,

                Plaintiff,

    -against-

BEST BUY STORE,

                Defendant.

## SUMMONS AND VERIFIED COMPLAINT

**REDMOND LAW PLLC**
**Attorneys for Plaintiff**
80 Broad St., Suite 1202
New York, NY 10004
(212) 799-8989

Pursuant to 22NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous

                CORNELIUS REDMOND, ESQ.
                REDMOND LAW PLLC

**[ ] Notice of Entry**
that the within is a (certified) true copy of a
duly entered in the Office of the Clerk of the within named court on     20

**[ ] Notice of Settlement**
that an order     of which the within is a true copy
will be presented to the Hon.     one of the judges of the within court at

on     20   at   M.

Dated:                 Yours, etc.

                REDMOND LAW PLLC
                80 Broad St., Suite 1202
                New York, NY 10004
                (212) 799-8989